Henny **NILA,** Petitioner,

v.

Alberto R. **GONZALES,** Respondent.

No. 06–2707–ag.

United States Court of Appeals, Second Circuit.

May 15, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Douglas E. Ginsburg, Senior Litigation Counsel, Jonathan F. Potter, Attorney, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Henny Nila, a native and citizen of Indonesia, seeks review of a May 9, 2006 order of the BIA affirming the November 15, 2004 decision of Immigration Judge ("IJ") William F. Jankun denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Henny Nila,* No. A97 965 325 (B.I.A. May 9, 2006), *aff'g* No. A97 965 325 (Immig. Ct. N.Y. City Nov. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adju-

dicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We agree with the agency's conclusion that Nila failed to prove past persecution in Indonesia. Nila admitted that she had never been arrested or physically harmed, and the only incident of discrimination that she claimed to have personally suffered was the higher fees she was required to pay for obtaining an ID card. However, this harm is insufficiently severe to compel a past persecution finding. *See, e.g., Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). Nila correctly argues that an IJ is required to consider incidents of past harm in the aggregate in determining whether an individual suffered past persecution, *see Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005), but nothing in the record suggests that the IJ did not do so. Nila did not testify about any incidents of harm she suffered in Indonesia. Thus, based on the claim Nila set forth at her hearing, the IJ did not err in finding that she failed to establish past persecution in Indonesia.

■ Because Nila failed to establish past persecution, the burden remained on her to prove a well-founded fear of persecution. *See* 8 C.F.R. § 208.13(b)(1)(ii). The regulations state that an applicant does not have a well-founded fear of perse-

cution if she "could avoid persecution by relocating to another part of [her] country of nationality." 8 C.F.R. § 208.13(b)(2)(ii). Here, both the IJ and the BIA determined that, based on the information in the country reports, Nila failed to demonstrate that persecution against ethnic Chinese and Christians was nation-wide and that she would be unable to reasonably relocate to another part of Indonesia to avoid persecution. Nila does not raise any issues regarding this internal relocation finding in her brief, and thus we deem it waived.[1] *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Nila would have been required to prove that relocation was not a reasonable possibility in order to demonstrate a well-founded fear of persecution, we find the waiver of this issue to be dispositive of her entire future persecution claim. *Cf. Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.

---

1. Although Nila did not raise the internal relocation in her brief to the BIA either, the issue is considered exhausted because the BIA explicitly ruled on it. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006).